CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 27 2018

JULIA C. DUDLEY, CLERK
BY: /s/ 
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID MEYERS, | ) | CASE NO. 7:18CV00029 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| U. S. POSTAL SERVICE, et al., | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendant(s). | ) | |

By separate order, the court will direct Plaintiff David Meyers to file an amended complaint to make a clear statement of his claims in this civil action under 42 U.S.C. § 1983. The court also concludes, however, that Meyers' separate motion for a "temporary restraining order" ("TRO") must be denied.

Meyers' TRO motion alleges that unspecified officials at Red Onion State Prison have confiscated his walker, walking cane, back brace, knee and wrist braces, eye patch, and special eye glasses. He also alleges that while confined at Red Onion for more than seven months, he has not received appropriate medical care, because he has not been referred to be examined by a chiropractor, a neurologist, a bone specialist, a physical therapist, and other medical specialists. Meyers states that he needs his prosthetic devices so that he can try to regain strength in his legs to avoid being totally paralyzed permanently or having these limbs amputated. As relief in this motion, Meyers asks the court to issue a TRO directing prison officials to transfer him to another protective custody unit.

Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Fed. R. Civ. P. 65(b). Meyers fails to state any reason that the defendant prison officials cannot be notified and respond to his allegations in the normal course

of resolving his claims in this § 1983 action. Moreover, a prisoner, like Meyers, has no constitutional right to be housed in any particular prison. Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Accordingly, the court finds no basis for granting the requested TRO. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 27th day of February, 2018.

/s/ Jay Conrad
Senior United States District Judge