# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DAVID MEYERS,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:18CV00029 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **U.S. POSTAL SERVICE, ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

*David Meyers, Pro Se Plaintiff.*

The plaintiff, David Meyers, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Meyers sues numerous state and federal officials for allegedly violating his constitutional rights. He has also submitted numerous additional documents, motions seeking leave to amend, and motions for interlocutory relief. Meyers has not prepaid the necessary filing fee to proceed with a civil action and has applied for leave to proceed in forma pauperis. After review of his pleadings, I conclude that before I will allow Meyers to proceed without prepayment of the filing costs for this case, I must determine whether he was in imminent danger related to his underlying claims, at the time he submitted this lawsuit. *See* 28 U.S.C. § 1915(g).

Under the Prison Litigation Reform Act, all prisoner litigants suing government entities or officials must pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes," meaning those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim, unless the inmate shows "imminent danger of serious physical injury." § 1915(g).

Meyers has brought such cases or appeals on three or more prior occasions: *Meyers v. United States District Court*, No. 2:07-cv-00363 (E.D. Va. Nov. 1, 2007); *Meyers v. City of Petersburg*, No. 2:03-cv-00248 (E.D. Va. Apr. 11, 2003); and *Myers v. Bass*, No. 2:95-cv-00774 (E.D. Va. Aug. 15, 1995). *See also Meyers v. Virginia State Bar*, No. 08-6849 (4th Cir. July 10, 2008) (unpublished) (finding that the three listed dismissals are "strikes" under § 1915(g) and denying Meyers' motion to proceed without prepayment of appeal fees on that ground). Accordingly, Meyers may proceed with this case only if (a) he prepays the $400 filing costs for a civil action in this court, or (b) he shows with detailed facts (not just conclusory statements) that he is in imminent danger of serious physical injury. § 1915(g).

For the reasons stated, it is **ORDERED** that Meyers must within 21 days from the date of entry of this order (a) pay the filing costs of $400 or (b) make the showing required under 28 U.S.C. § 1915(g) that when he filed this case, he was in imminent danger of serious physical harm related to the claims in the Complaint. Meyers is also directed not to submit any further motions in the case until I have ruled on his status under § 1915(g). Failure to comply with the directives in this Order will result in dismissal of this case.

    ENTER: May 21, 2018

    /s/ James P. Jones
    United States District Judge