# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DAVID MEYERS,** | ) |
| Plaintiff, | ) Case No. 7:18CV00029 |
| v. | ) **OPINION AND ORDER** |
| **U.S. POSTAL SERVICE, ET AL.,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendants. | ) |

*David Meyers, Pro Se Plaintiff.*

The plaintiff, David Meyers, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He has also requested to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915(b), which allows a prisoner to pay filing costs in installments. Upon review of court records and Meyers' recent submissions, I have concluded that as to one claim, Meyers may be eligible to proceed IFP pursuant to the imminent danger exception in 28 U.S.C. § 1915(g).

I.

Under the Prison Litigation Reform Act of 1996, all prisoner litigants must pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the

installment payment method to prisoners who have "three strikes" — those prisoners who have had three or more previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted — unless the inmate shows "imminent danger of serious physical injury." § 1915(g).

Meyers has brought such actions or appeals on three or more prior occasions. *Meyers v. U. S. District Court*, No. 2:07-cv-00363 (E.D. Va. Nov. 1, 2007); *Meyers v. City of Petersburg*, No. 2:03-cv-00248 (E.D. Va. Apr. 11, 2003); *Myers v. Bass*, No. 2:95-cv-00774 (E.D. Va. Aug. 15, 1995). *See also Meyers v. Virginia State Bar*, No. 08-6849 (4th Cir. July 10, 2008) (unpublished) (finding that the three listed dismissals are strikes under § 1915(g) and denying Meyers' motion to proceed IFP on that ground). Accordingly, Meyers may proceed with this case only if he prepays the filing fee for a civil action in this court, or he shows that he is in imminent danger of serious physical injury.

By Order entered May 21, 2018, I advised Meyers of my determination that he has three strikes under § 1915(g). As such, I directed him to do one of the following within 21 days: (a) pay the filing fee or (b) "make the showing required under 28 U.S.C. § 1915(g) that when he filed this case, he was in imminent danger of serious physical harm related to the claims in the Complaint." Order 3, ECF

No. 42. I specifically advised Meyers that any showing of harm must include "detailed facts (not just conclusory statements)." *Id.* at 2.

The 21 days have elapsed, and Meyers has not prepaid the filing fee. He has submitted a Response with attached exhibits, purporting to show imminent danger of serious physical harm for purposes of proceeding under that exception in § 1915(g). Accordingly, I must now determine if Meyers has made the necessary showing to proceed under the exception.

## II.

The United States Court of Appeals for the Fourth Circuit has not issued a published decision defining the scope of the § 1915(g) imminent danger exception. In two nonprecedential cases, *Smith v. Mayes*, 358 F. App'x 411 (4th Cir. 2009) (unpublished) and *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (unpublished), the court has followed other circuits' published opinions to hold that the § 1915(g) exception allows the inmate only to seek relief from a specifically described and imminent danger of serious physical harm that exists at the time he files the Complaint and/or threatens future harm.

> "[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed . . . . Moreover, the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct."

*Smith*, 358 F. App'x at 411-12 (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003), and citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001) ("Taking both clauses together, the statute plainly means that a prisoner is not permitted to file his complaint unless he is, at that time, under imminent danger."), *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis"); and *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) ("[T]he language of § 1915(g), by using the present tense, clearly refers to the time when the action or appeal is filed or the motion for IFP status is made.").

> Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."

*Johnson*, 200 F. App'x at 272 (quoting *Martin*, 319 F.3d at 1050; *see also Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (finding that "imminent danger" exception "allows a three-strikes litigant to proceed IFP only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges"); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (finding "imminent danger" exception is to be applied only "for genuine emergencies," where "time is pressing" and "a threat or prison condition is real and proximate and when the

potential consequence is 'serious physical injury,'" refusing exception for inmate's claim seeking counseling for post-traumatic stress disorder).

Importantly for the purposes of this case, "a prisoner may invoke the 'imminent danger' exception *only to seek relief from a danger* which is 'imminent' at the time the complaint is filed" or continuing into the present. *Abdul-Akbar*, 239 F.3d at 312 (emphasis added). In other words, the fact that an inmate is in imminent danger from one source does not open the case up to other, non-imminent danger claims or claims for monetary damages.

Liberally construed, Meyers' Response and attachments allege the following particular incidents as purported evidence of imminent danger:

> 1. On August 17, 2017, in the Red Onion State Prison ("Red Onion") Protective Custody Unit ("PC"), Inmate W. Thomas demanded that Meyers allow him to "stick his hand up his anus"; when Meyers refused, Thomas threatened three times to kill him. Resp. 2, ECF No. 46.
>
> 2. Inmate J. Runren has "threaten[ed] to rape" Meyers "since 06/28/2017 daily." *Id.*
>
> 3. Prison officials have not conducted a proper investigation of these inmates' alleged threats or kept them separate from Meyers, thus failing to protect Meyers from future sexual abuse. *Id.*
>
> 4. Officers W. Swiney and D. C. Stallard allow officers to open Meyers' cell door to allow contact between PC inmates, presenting a risk that Thomas and Runren can and will "carry out their threats to rape and kill" Meyers, who is blind and unable to stand. *Id.*

     5. On April 13, 2017, Officer McCowan threatened Meyers with bodily harm, and other officers made "death threats" and threats of other harm to Meyers on June 19, 2017. *Id.* at 3.

     6. On November 8, 2017, instead of using a handheld metal detector, Officer Stanley "gave [Meyers] orders to commit suicide and kill" himself by "falling face first out [of his] wheelchair" and then "made [him] fall out [of his] wheelchair and injured [his] back" and then "bragged about it." *Id.* at 3.

     7. On February 8, 2017, Officers Stanley and Osbourne transported Meyers, without his walker, from the medical infirmary to a different cell, where Meyers fell from the bed and injured his head. *Id.* at 4.

     8. On May 1, 2017, while Meyers was on the floor with his hands cuffed behind his back, Officer Gwen and another officer "strangl[ed]" him and Gwen jerked the leash attached to the cuffs, causing Meyers to slam his head into a concrete wall because he is unable to stand up on his own; Gwen also pulled Meyers' shoulders out of joint, dislocating them. *Id.* at 4-5.

     9. Also on May 1, 2017, Gwen carried Meyers into a cell, placed him on the floor, and later poured a lunch meal tray through the tray slot onto Meyers' face, causing burns. Nurse Freeman refused to treat any of Meyers' injuries when she came to assess him for his prior complaints of chest pains. *Id.* at 5.

     10. On November 17, 2017, Officer Duncan "thrusted [sic] and grinded his penis into [Meyers'] head." *Id.*

     11. Prison investigators have falsely charged Meyers with making false reports of sexual harassment and assault by officers and inmates, thus failing to protect Meyers from future sexual abuse. *Id.*

     12. Meyers has not been scheduled for consultation with medical specialists regarding treatment of internal bleeding, "Chrohn [sic] Disease [and] chest pains." *Id.*

>  13.  Meyers fears losing the use of his legs because he is not allowed to use his walker and other medical devices in the PC unit. *Id.*

The cover letter to Meyers' initial Complaint states that he mailed it to the court on January 19, 2018, where it was first received and docketed on January 23. As to most of these incidents, I cannot find a sufficient showing of imminent danger of serious physical harm Meyers faced when he filed the Complaint.[1]

First, many of the incidents described allege merely verbal threats of harm. Allegations of verbal abuse and harassment by guards, without more, do not state any constitutional claim and, consequently, cannot meet the imminent danger standard. *See Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (unpublished).

Second, in several incidents, Meyers claims to have been injured as a result of one-time interactions with officers that occurred months before he filed this § 1983 action. He does not state facts showing any likelihood that the officers would repeat these or similar actions in the future, so as to place Meyers in

---

[1] A primary difficulty in addressing any matter concerning Meyers' claims is that the Complaint itself and Meyers' many subsequent attempts to expand it do not comport with the Federal Rules of Civil Procedure. He names dozens of defendants (federal and state officials, prison staff and state administrators) and alleges various unrelated wrongs he has suffered, from being denied a grievance form to being denied his walker to having guards physically mishandle him to conclusory accusations of insufficient oversight by supervisory staff. He does not divide his pleading into paragraphs or label particular claims. As Meyers has been advised in previous cases and in prior orders in this case, a complaint cannot properly join into one civil action multiple and separate claims against separate defendants, merely because all events occurred during Meyers' incarceration. *See* Fed. R. Civ. P. 8, 10, 18, 20.

imminent danger of serious physical harm, in January 2018 or at present. He cannot use the § 1915(g) exception merely to seek damages for such past harms. *Johnson*, 200 F. App'x at 272.

Third, numerous courts have concluded that where a three-striker inmate's allegations reflect that he simply disagrees with the opinions of medical personnel who are monitoring and treating his conditions, he fails to satisfy the imminent danger requirement of 28 U.S.C. § 1915(g). *See, e.g., Showalter v. Lee*, No. 7:15CV00106, 2015 WL 1800478, at *4 (W.D. Va. Apr. 16, 2015); *Renoir v. Mullins*, No. 7:06CV00474, 2006 WL 2375624, at *1 (W.D. Va. Aug. 15, 2006) (finding disagreement with diagnoses and prescribed treatment is not imminent danger of serious physical harm).[2] Many of the incidents and prison conditions of which Meyers complains are grounded in his ongoing disagreement with decisions the prison medical staff have made concerning his medical needs and course of treatment. Meyers believes he needs different treatment than he has received, including evaluations by various specialists and use of his medical devices instead

---

[2] *See also Brown v. Beard*, 492 F. Supp. 2d 474, 478 (E.D. Pa 2007) (finding prisoner was not in imminent danger when disputing the quality of treatment he was receiving for various medical conditions); *Watley v. Escobar*, No. 4:09CV3003, 2010 WL 1643801, at *1 (N.D. Ohio Apr. 22, 2010) (finding no imminent danger where plaintiff received medical treatment but disagreed with conclusions of medical personnel over pain medication and medical procedures); *James v. Hunter*, No. 08-0729-CG-B, 2009 WL 3052131, at *3 (S.D. Ala. Sept. 18, 2009) (finding that disagreement with medical treatment provided does not satisfy § 1915(g) exception); *Baugh v. Missouri Dept. of Corr.*, No. 4:08CV01517 ERW, 2008 WL 4831783, at *1 n.1 (E.D. Mo. Nov. 5, 2008) (finding no imminent danger where plaintiff admitted he was offered treatment for medical conditions but disagreed with offered treatment).

of a wheelchair. Yet, attachments to the Response indicate that prison doctors have evaluated Meyers' medical conditions, have approved denying him the walker and other braces he previously used, and have denied his requests to consult medical specialists. Resp. Exs. 415, 418, ECF No. 46-1. I cannot find that Meyers' differing opinion about what treatment is medically necessary for his conditions demonstrates his imminent danger of serious physical harm for purposes of the § 1915(g) exception.

Only as to one claim do I find that Meyers may be able to prove that he is entitled to proceed under the § 1915(g) imminent danger exception, based upon his allegations that prison officials Swiney and Stallard are not protecting him from an excessive risk that inmates Thomas and Runren will carry out their threats to rape or kill him in his cell, given his inability to stand or walk. In the imminent danger Response, he alleges that these inmates are in cells near him and that Swiney and Stallard allow practices that give these and other inmates access to Meyers in his cell. As to this one claim, alleging deliberate indifference to an excessive risk to Meyers' safety,[3] I find that Meyers may proceed for the present without

---

[3] *See, e.g., Makdessi v. Fields*, 789 F.3d 126, 132-34 (4th Cir. 2015) (holding that prison officials have duty to protect inmates from violence by other inmates — a duty to respond reasonably to alleviate excessive risks to inmate safety known to them).

prepayment of the filing fee, pursuant to the exception in § 1915(g). Therefore, I will refer this one claim to the magistrate judge for further proceedings.[4]

For reasons stated, however, <u>I find that Meyers has not shown imminent danger related to any of the other claims raised in this action</u>. Accordingly, I will dismiss all of his other claims without prejudice, based on his failure to prove eligibility under § 1915(g) to proceed absent payment for these claims. Furthermore, because the scope of the action going forward will be determined only after the proceedings that the magistrate judge will conduct, <u>I will dismiss without prejudice all of Meyers' many pending motions, including his motions for preliminary injunctive relief.</u>[5] Furthermore, if I later conclude, from a further developed record, that Meyers does not meet the imminent danger exception under § 1915(g) regarding his one remaining claim, I will revoke this order allowing him to pay the filing fee through installments from his trust account, direct him to prepay the full filing fee, and, if he fails to do so, dismiss the action without prejudice.

---

[4] Swiney was named as a defendant in Meyers' Complaint, and while Stallard was not, his name does appear in a subsequent motion that I am dismissing without prejudice. For purposes of the imminent danger analysis, I will consider Meyers' Response as amending the Complaint to add Stallard as a defendant to the claim that Meyers is being inadequately protected from the two inmates who have threatened him.

[5] These motions involve many allegations unrelated to the claim on which I am granting temporary IFP under § 1915(g). The magistrate judge may recommend a preliminary injunction if she finds from the evidence on imminent danger that such extraordinary relief is warranted.

III.

For the reasons set forth, it is **ORDERED** as follows:

1. Meyers is GRANTED the opportunity to proceed without prepayment of the filing fee for this action pursuant to the imminent danger exception in 28 U.S.C. § 1915(g), but only as to his claim that defendants Swiney and Stallard continue to deny him sufficient protection against potential harm from inmates Thomas and Runren, particularly in light of their verbal threats and Meyers' physical condition;

2. Meyers is hereby DENIED the opportunity to proceed with any other claims under the § 1915(g) exception, and because he also has three strikes under § 1915(g) and has not prepaid the filing fee, all such claims are hereby DISMISSED WITHOUT PREJUDICE;

3. All pending motions in this action are DISMISSED WITHOUT PREJUDICE;

4. The Complaint is hereby AMENDED to add D. C. Stallard as a defendant to the failure to protect claim;

5. The Clerk shall cause defendants Swiney and Stallard to be notified of this action, pursuant to Rule 4 of the Federal Rules

of Civil Procedure. Service paperwork shall include a copy of this Order and ECF Nos. 1 and 46;

6. The Clerk is directed to forward a copy of plaintiff's signed consent to withholding form to the Trust Accounts Officer at plaintiff's current place of confinement;

7. The collection of the $350 filing fee shall commence. The Trust Accounts Officer at plaintiff's current place of confinement, and at all subsequent places of confinement, is hereby authorized to collect the fee as agreed to by plaintiff on the signed consent form, and to remit such fee in accordance with 28 U.S.C. § 1915(b). The Trust Accounts Officer at plaintiff's present institution is requested to place the signed consent to withholding form in plaintiff's file so that it might accompany the inmate in the event of his transfer. Should plaintiff be transferred to another institution, the balance due for the civil action will be inserted in plaintiff's file so that the appropriate officer at the next institution will remit the debt owed to the Clerk, U.S. District Court, 210 Franklin Road SW, Suite 540, Roanoke, Virginia 24011-2208. The Trust Accounts

Officer is requested to reference the case number of this action on payments sent to the court;

8. This matter is hereby REFERRED to the Honorable Pamela Meade Sargent, United States Magistrate Judge, to conduct an evidentiary hearing and to submit to the undersigned a report setting forth appropriate findings of fact, conclusions of law, and a recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B), <u>regarding the sole claim that Meyers is in imminent danger of serious physical harm based on the failure to protect him from potential violence by inmates Thomas and Runren</u>;

9. If the magistrate judge determines that Meyers is not in imminent danger of serious physical harm based on the failure to protect him from potential violence by inmates Thomas and Runren, then she shall so report and if her report is accepted by the court, the case will be dismissed without prejudice under the three strike rule. To the contrary, <u>if the magistrate judge finds that Meyers is in imminent danger from such source, she shall make recommendations to the court as to whether injunctive relief should issue, and the nature of such relief</u>. Since no

alleged harm has so far occurred as to this claim, no recommendation as to money damages is deemed appropriate; and

10. The Clerk shall send copies of this order to Meyers, to the Trust Accounts Officer at Meyers' current place of confinement, and to the Office of the Attorney General of Virginia.

                        ENTER: July 23, 2018

                        /s/ James P. Jones
                        United States District Judge